By the Court.
Sedgwick, Ch. J.
The issue in this case does not concern the duty of the city towards the plaintiff to pave the sidewalk. It concerns the duty of the city to keep the highway reasonably safe for the use of the plaintiff. On the testimony, the sidewalk, before the stepping stones had been placed upon it, was not dangerous. At certain times it became muddy, and perhaps, it may be granted in a certain sense, impassable; that is, the shoes and feet of any one who passed over it then would be dirtied or wetted. In such case, the obligation of the city could not be extended further than to respond in damages, because the street was impassable as for the wetting and muddying of the feet. What I am now saying assumes that the city was bound to treat the sidewalk as if it were part of a public street or highway. Third persons, without the authority of the city, placed in the sidewalk pieces of flagging stone, one foot and a *40 half a part, so as to allow persons who did not choose to walk in the wet part, to step from one of these stones to another, and thereby to avoid the muddy places. These had remained on the sidewalk long enough to give rise to a presumption of notice to the city of the facts, or of negligence in not taking observation of the facts. The immediate question is as to the duty of the city to remove them. The duty is of a relative kind, and to enable the plaintiff to recover she must show that it was a duty as to her. I am of opinion that the proof shows that the arrangement of the stepping stones was not dangerous to such persons as would know or see the character of the arrangement. They 'perhaps might be to another class, say of citizens generally, who might have no reason for believing that the stones were not a part of a regular pavement of the ordinary fashion. But stepping stones are not of themselves dangerous. They are a common device well known and safely used, if not unsafely placed. If they present the appearance of stepping stones, so that one approaching them will know what they are, it would not be imprudent to allow them to remain down for use, unless at least there was some non-apparent danger, in the form of the stones or then distance from each other. The plaintiff’s own experience is a practical test of these things. She had before, on several occasions, used these stones, knowing their character, and had safely passed. They presented the appearance of safety and in fact were safe. There was nothing that led to an anticipation of their becoming or being unsafe. The only thing to show that they did not present the appearance of safety, or were not safe, so far as plaintiff’s proof went, was, that in stepping from one stone to another, her foot did not reach the latter and so she fell. There is no proof to show that that was from any defect in the arrangement, for the proof is that they were but about eighteen inches apart, which is the length of but a short step. She affirmatively testifies that in stepping, or jumping as she called it, she miscalculated the distance between the stones. There was *41 nothing to show that the city had notice of any thing that was likely to lead to such a miscalculation, or that the arrangement was likely to lead to it.
In another aspect of the case, if the defendant’s negligence is not denied, the facts that have been noticed would show that the plaintiff contributed to the injury by her own negligence. But for the reason given by the learned judge below, I am of opinion that the complaint should have-been, as it was, dismissed, and that the judgment should be affirmed, with costs.
Van Voest, J., concurred.